## JOHN BROWN *v.* MATTHIAS WILLIAMSON.

1. A notice which states that a motion will be made on Friday the seventh, (when Friday is the *eighth* of the month) is bad.

2. Where the object of the defendant is to add new bail as well as to justify, a notice merely that he intends to *perfect* bail is not sufficient.

---

The plaintiff in this case had excepted to the bail put in by the defendant; and the defendant gave notice to the *plaintiff* that he would " put in and perfect special bail on *Friday, the seventh* day of September," &c.

*O. Halsted*, for the defendant, now moved for leave under this notice to add new bail and to justify as to both.

*Scudder*, for the plaintiff, objected to this motion. 1st. Because the notice was served on the plaintiff instead of his attorney. 2d. Because the notice was for Friday, the *seventh*, when Friday was the *eighth* of September. 3d. Because the notice did not state that new or additional bail was to be given.

*O. Halsted*, in reply contended : 1st. That by the fair construction of the statute, *Rev. Laws*, 417, *sec.* 30, notice to the plaintiff was sufficient. 2d. That the day of the month mentioned in the notice might be disregarded, and that the time intended was fixed with sufficient precision by the designation of the day of the week ; the plaintiff understood perfectly what time was meant by it, for he was here by his attorney to oppose the motion. 3d. That the words to " put in and perfect bail," used in the notice, were sufficiently comprehensive to embrace additional bail.

FORD, J. The notice is defective as it regards the last two objections ; Friday, the *seventh*, will not do for Friday, the *eighth ;* and where the object is to add new bail, a notice to *perfect* bail will not do.

　　　　　　　　　　　　　　　　　'Motion refused.*

---

* See the form of a notice proper to be given in a case of this kind in *Tidd's appendix*, 93, *sec.* 15, and see 1 *Arch. Prac.* 84, 87.